STATE OF MISSOURI, Respondent, v. HENRY PFENNINGER, Appellant.

St. Louis Court of Appeals, November 1, 1898.

1. **Information**: VERIFICATION OF: SEAL OF THE COURT. The signature of the clerk to an affidavit to an information should be attested by the seal of the court. The information was a court paper, one of the files of the court.

2. **Judicial Notice.** The judge of a court having a clerk will take judicial notice of the signature of the clerk, and an attestation of such signature by a seal is not indispensable to satisfy the judge of the genuineness of his signature.

3. **Presumption.** When the attention of the judge was called to the signature of the clerk, by the motion to quash, it will be presumed, in the absence of any evidence to the contrary, that he inspected the signature of the jurat, and saw that it was genuine.

*Appeal from the St. Louis Court of Criminal Correction.*
HON. DAVID MURPHY, Judge.

AFFIRMED.

THOS. E. MULVIHILL & THOS. B. HARVEY for respondent.

The federal statutes denouncing the mailing of postal cards of indecent, scurrilous or defamatory character has been frequently construed, and language and pictures which would not be considered "obscene, lewed or lascivious," are held to be indecent. U. S. v. Davis, 38 Fed. Rep. 326; U. S. v. Hugget, 40 Fed. Rep. 636. U. S. v. Mathias, 36 Fed. Rep. 892; U. S. v. Chase, 135 U. S. 255; U. S. v. Loftis, 6 Fed. Rep. 672. The statute of New York prohibits the sale, etc., of obscene or indecent books, pictures, etc. The

supreme court of that state in People v. Muller, 39 N.
Y. (32 Hun.) 209, says: "The statute has not particu-
larly described what within its intent and purpose,
should be considered obscene or indecent. But as
these words are of well known significance, it must
have been intended by the legislature, in the enactment
of this law, to use them in their popular sense and un-
derstanding. And they consequently include all pic-
tures, drawings and photographs of an indecent or im-
moral tendency, intending to include as obscene such
as are offensive to chastity, etc.   *   *   *   The
opinion then states that it is a question purely for the
jury, and "the question in all these cases must be what
is the impression produced upon the mind by perusing
or observing the writing or picture referred to in the
indictment, and one person is as competent to deter-
mine this as another. And then the opinion says a
picture that promotes prostitution or offends decency
comes within the statute. I do not believe that any
court ever intended to say that modesty could be
shocked by only such pictures as referred to the lewd
and lascivious. The coarsest people would be shocked
and disgusted by the actual doing upon the streets that
which is so graphically represented in this picture in
question, and which appellant handed to men and
young women on the streets, and threw into the doors
and windows of residences. It was a most flagrant
violation of this statute and the punishment assessed
was mild. It is not necessary that the signature of
the clerk of the court to a jurat should be verified by
his official seal. Finn v. Rose, 12 Iowa, 565; Mount-
joy v. State, 78 Ind. 172; Merriam v. Coffee, 16 Neb.
450; Rosenstein v. State, 9 Ind. 290; Simon v. Stetter,
25 Kan. 155; Crombie v. Little, 47 Minn. 581. In the
absence of statutory requirement the officer's seal,
where he has one, need not be added. Ency. Plead.

and Prac., pp. 317 and 320. Even if the statute required the seal to be attached, the absence of it would be cured by verdict. The statute, for instance, is peremptory in requiring that the foreman of the grand jury shall indorse and sign "A true bill" on an indictment. But the absence of such verification is cured by verdict. State v. Harris, 73 Mo. 287. The only authority cited by appellant is State v. Bragg, 63 Mo. App. 26. That would be sufficient if it sustained his position; but it does not. In that case there was no oath or jurat whatever, and the prosecuting attorney added the whole thing long after the alleged information had been filed, and then, too, when there was not a particle of evidence that any oath had, as a matter of fact, been made to the information at the time of its filing. The "seal" is simply an evidence of the authenticity of the clerk's act. But it is not the only evidence. * * * The court will take judicial notice of the acts of its own officers. The clerk's signature alone is *prima facie* authentication of his act. See authorities *supra*.

MORRIS & FITZGERALD for appellant.

Defendant's motion to quash information should have been sustained. The picture complained of is not an obscene and indecent picture within the meaning of the law. Anderson's Law Dic.; Bouvier's Law Dic.; Worcester's Dic; 17 Am. and Eng. Ency. of Law, [1 Ed.], pp. 5, 7, 8; U. S. v. Loftus, 12 Fed. Rep. 673; S. C. Sawyer (U. S.) 194; U. S. v. Bennett, 16 Blatch. (U. S.) 362; U. S. v. Slenker, 32 Fed. Rep. 794; U. S. v. Clarke, 88 Fed. Rep. 500; U. S. v. Clarke, 38 Fed. Rep. 732; U. S. v. Smith, 11 Fed. Rep. 663; Ex parte Doran, 32 Fed. Rep. 76; U. S. v. Wightman, 29 Fed. Rep. 636; Jennings v. State, 16 Ind. 335; Ardery

v. State, 56 Ind. 328.   Upon the proof made the defendant is not guilty of the offense charged in the information.   The court was without jurisdiction over the person of the defendant or the offense charged, the verification of the information not being properly attested with the seal of the court.   State v. Bragg, 63 Mo. App. 26, with authorities cited.

BLAND, J.—The assistant prosecuting attorney of the city of St. Louis, on August 27, 1897, filed in the court of criminal correction for said city, an information charging in substance that the defendant at the city of St. Louis on the—— day of August, 1897, did circulate to and among Louis Eiska, Miss Parker and divers other persons, obscene and indecent pamphlets, engravings and pictures publicly and on the streets of the city of St. Louis.   An exhibit of the alleged indecent and obscene picture was contained in and filed with the information. A motion to quash the information was filed by the defendant, on the ground that the picture exhibited was not an indecent and obscene picture.   This motion was by the court overruled.   The issues were submitted to the court without a jury on an agreed statement of the facts, to the effect that the defendant did circulate the picture, by delivering the same to persons named in the information on the public streets of the city of St. Louis, and by delivering the same to sundry other persons and by passing them through open windows and thrusting them under the doors of residences in the said city.   The court sitting as a jury found the defendant guilty and assessed his punishment at a fine of $50.   Motions for new trial and in arrest of judgment were timely filed.   These were overruled and defendant appealed.

If the picture is obscene, the conviction was right; if not obscene, defendant should have been acquitted.

The picture can not be reproduced here, nor can it be described in language other than obscene. It is a foul, vulgar caricature of the supposed evil effects from drinking the American Brewing Company's beer, and an equally foul caricature of the supposed good effects consequent from the use of Union beer, printed side by side on the same card. Appellant on the authority of Anderson's and Bouvier's Law Dictionary, Worcester's Dictionary, and the case of United States v. Loftus, 12 Fed. Rep. 673, gives the following definition of obscenity. "Obscenity is such indecency as is calculated to promote the violation of the law and the general corruption of morals. It is applied to language spoken, written or printed, and to pictorial productions and include what is foul and indecent, as well as immodest, or calculated to excite impure desires." The pictures fill the measure of the definition. Appellant's stipulation of the facts is a full and complete confession of his guilt, more satisfactory than would have been his plea of guilty, and his conviction was right, if the information is sufficient. This is objected to because the verification of the information is not attested by the seal of the court. There is an affidavit to the information purporting to have been made and signed by one August H. Kruger and to have been sworn to before a deputy of the clerk of criminal correction. The signature of the clerk is not attested by the seal of the court, as should have been done. The information was a court paper, one of the files of the court.

The judge of a court having a clerk will take judicial notice of the signature of the clerk, and an attestation of such signature by a seal is not indispensable to satisfy the judge of the genuineness of his signature, and when the attention of the judge was called to the signature of the clerk by the motion to quash in this case, it will be pre-

JUDICIAL notice.

sumed in the absence of any evidence to the contrary, that he inspected the signature of the jurat and saw that it was genuine.

Discovering no reversible error in the record, we affirm the judgment. All concur.