## THE STATE v. LEWIS BROWN, Appellant.

### Division Two, June 5, 1924.

1. **INFORMATION: Motion to Quash: Appeal.** Unless the motion to quash the information is preserved in the bill of exceptions, it cannot be reviewed on appeal. If the motion is based on the ground that the statute creating the offense is unconstitutional, and that motion is not preserved in the bill, the constitutionality of the statute will not be considered on appeal.

2. ———: **Selling Moonshine: Equivalent to Intoxicating Liquor.** A description of the offense in the language of the statute which sets forth all the constituent elements of the offense is sufficient, and since the statute makes it a felony to sell "hooch," "moonshine," "corn whiskey," an information charging that defendant did "unlawfully, wilfully and feloniously sell one pint of moonshine" charges him with selling intoxicating liquor and is sufficient.

3. ———: **Signing Oath.** The certificate of the clerk of the court, after the signature to the information of the prosecuting attorney, that the attorney duly swore to it, complies with the statute, although the attorney did not sign the affidavit.

4. **INSTRUCTION: Definition of Moonshine.** An instruction which tells the jury that "by the term 'moonshine' is meant any intoxicating liquor containing one-half of one per cent or more of alcohol by volume capable of being used for beverage purposes" is erroneous. It does not correctly define "moonshine," but would permit a conviction for selling any kind of liquor, wine, beer or other liquors, which in fact are not "moonshine," and to sell which under the statute is a misdemeanor. The charge being that defendant has sold "moonshine," the instruction was error because it did not require the jury to find that the liquor sold was moonshine.

5. ———: ———: **Harmless: Proof of Moonshine.** No oral evidence is conclusive where the jury must pass upon the credibility of the witnesses. Where defendant was charged with selling "moonshine," it cannot be ruled that an instruction defining "moonshine" as "any intoxicating liquor containing one-half of one per cent alcohol" was harmless, on the ground that the evidence conclusively shows that the liquor sold was moonshine because two

witnesses testified that they tasted it and knew it was moonshine because it tasted like moonshine and made them drunk; for in such case the jury might well believe that the witnesses bought the liquor and got drunk on it without crediting their judgment about its being moonshine.

Headnote 1:  Criminal Law, 17 C. J. sec. 3421.  Headnotes 2 and 3: Indictments and Informations: 2, 31 C. J. sec. 260;  3, 31 C. J. sec. 163. Headnotes 2 and 4:  Intoxicating Liquors: 2, 33 C. J. secs. 424, 437;  4, 32 C. J. 550.  Headnote 5:  Criminal Law, 16 C. J. secs. 2291, 3688.

Appeal from Douglas Circuit Court.—*Hon. E. P. Dorris,* Judge.

REVERSED AND REMANDED.

*Jesse W. Barrett,* Attorney-General, and *Allen May,* Special Assistant Attorney-General, for respondent.

(1)   The information is sufficient.   (a)   It charges in the language of the statute.   Sec. 21, p. 242, Laws 1923. (b)   The term "moonshine," as used in the statute, in the information and in the instructions, is a term of common knowledge with a well defined meaning.   State v. Edwards, 210 Pac. 1081; State v. Knosky, 87 W. Va. 558.   (c) The prosecuting attorney need not sign the affidavit to the information if the clerk certifies his oath thereto, as was done in this case.   State v. Hicks, 178 Mo. 433; State v. Zehnder, 182 Mo. App. 161.   (2)   The constitutionality of the statute is not here involved.   (a)   Defendant failed to assign in his motion for new trial any ground for overruling his motions to quash the information and, therefore, abandoned any charge of error on that ground. State v. Goetz, 253 S. W. 710; State v. McKay, 225 Mo. 540.   (b)   Appellant cannot raise a constitutional objection which does not involve any violation of his rights upon the record.   In re Tarter, 278 Mo. 356, 364.

WHITE, J.—The defendant, in the Circuit Court of Douglas County, was convicted of selling one pint of "moonshine" to one Homer Turner, in violation of the

Act of 1923 (Laws 1923, p. 242), an act which makes the said offense a felony. Judgment-was pronounced assessing the punishment at two years' imprisonment in the State Penitentiary.

The evidence shows that on the second day of August, 1923, Homer Turner and John Plum went to the defendant's store at Squires in Douglas County; they were on horseback, and on their way to a camp meeting in the neighborhood. Several persons were in the store, the defendant complained of the heat, and maneuvered all the company out on the porch. He then went back into the store and Turner followed him. Defendant asked Turner if he wanted something to drink, and after some further conversation the defendant went up stairs and produced a pint of liquor, for which Turner paid $1.50; defendant set the whiskey on the stairs and told Turner where it was. Turner got it and put it in his overalls. He went outside, where Plum joined him, and the two rode off on horseback. Afterwards they drank the stuff, were made drunk by it, Turner was arrested for drunkenness, and was in custody at the time of the trial. On this evidence defendant, as stated, was found guilty, and appealed.

I. Before the trial, defendant filed a motion to quash the information, which motion was overruled; he then filed another motion to quash, which also was overruled, and error is assigned to the action of the court in overruling said motions. The first motion is directed to the form of the information, and the second one alleges that the law under which the information is drawn is unconstitutional. Neither of these motions is preserved in the bill of exceptions, and therefore cannot be reviewed. However, the appellant in his motion in arrest of judgment attacks the information for the same reasons. The information is as follows:

Information.

"Lz Banta, Prosecuting Attorney within and for the County of Douglas, in the State of Missouri, informs the court upon his oath, that Lewis Brown on the 2nd day of August, 1923, in said County of Douglas, did then and

there unlawfully, willfully, and feloniously sell one pint of moonshine to one Homer Turner for and in consideration of the sum of one dollar and fifty cents, against the peace and dignity of the State.''

It is claimed that the information is defective because it does not allege that the pint of moonshine is described as intoxicating liquor. The statute, Section 21 of the Act of 1923 (Laws 1923, pp. 242-243), makes it a felony to sell ''hootch,'' ''moonshine,'' ''corn whiskey.'' These words, not being connected by a disjunctive or a conjunctive, must be taken as synonymous; ''hootch,'' ''moonshine'' and ''corn whiskey'' are different expressions describing the same kind of liquor.

The rule is well established that description in the language of the statute, where the statute sets forth all the constituent elements of the offense, is sufficient. [State v. Bersch, 276 Mo. l. c. 412.]

In State v. Ladd, 216 S. W. 1004, Judge STURGIS of the Springfield Court of Appeals applied the rule to an information no more explicit than the one under consideration. That opinion of the Court of Appeals was approved by this court in State v. Nash, 283 Mo. 32. We can think of no element of the offense that is not described in the statute, and the information is in the language of the statute: the offense is ''selling moonshine.'' The expression ''one pint of moonshine'' conveys a very definite, intelligible significance, and no one acquainted with current history can fail to understand it. ''Moonshine business'' is defined in State v. Tuten, 42 S. E. (N. C.) 443, as the ''unlawful sale or manufacture of spirituous liquors,'' the court assuming that anyone would know the meaning of ''moonshine.'' Legally, ''moonshine,'' in a context like the language of the information, has as definite a significance as the term ''whiskey.'' It means liquor manufactured illegally. So the information was sufficient as against the motion in arrest. The constitutionality of the statute was not raised in time to permit us to review an error assigned on that ground.

304 Mo. Sup.—6.

II.   The attorney signed the information: after his signature is the certificate of the clerk of the court that he duly swore to it.   He did not sign the affidavit.

Signing
Oath.   This is in compliance with the statute (Section 3849) in regard to informations.   It requires the information to be verified by the oath of the prosecuting attorney, but the oath need not be signed by him.   It is sufficient that the oath be made as stated by the clerk. [State v. Hicks, 178 Mo. 445.]

III.   The trial court, in instructing the jury, defined moonshine, as follows:   "By the term 'moonshine' is meant any intoxicating liquor containing one-half of one per cent or more of alcohol by volume capable of being used for beverage purposes."

As we have pointed out, that is not the definition of "moonshine."   That definition would permit conviction for selling any kind of liquor, wine, beer, or other liquors, which were not in fact "moonshine."

Section 6588, Revised Statutes 1919, as amended (Laws 1921, p. 414), makes it unlawful to sell intoxicating liquor and that offense is a misdemeanor, as the punishment is defined in Section 22 of the Act of 1923 (Laws 1923, p. 243).   So, under the definition given, the jury might have found that the defendant committed a misdemeanor instead of a felony.

The State claims that this error in the definition of moonshine is harmless, because the evidence conclusively shows that the liquor sold was moonshine.   There was no evidence as to how the stuff was manufactured.   It made the purchaser, Turner, drunk; he testified that he tasted it and knew it was moonshine whiskey because it tasted like moonshine.   Plum swore to the same thing.   The State argues that this evidence is conclusive as to the quality of the liquor.   No oral evidence is conclusive where the jury must pass upon the credibility of the witnesses.   The jury could very well believe that the boys bought the liquor and got drunk on it without crediting their judgment about it being moonshine.   It might have been any other kind of liquor that made them drunk.

State ex rel. Mt. Pleasant Township v. Hall.

The instruction was reversible error because the jury was not required to find that the liquor sold was "moonshine," "corn whiskey" or "hootch."

The judgment is reversed and the cause remanded. All concur.