## THE STATE v. TOM WRIGHT, Appellant.

Division Two, February 15, 1926.

1. **WHISKEY: Manufacture: Felony.** Where the information charged the defendant with the felonious manufacture of white corn whiskey, evidence showing him guilty of manufacturing whiskey authorized a verdict and judgment convicting him of a felony, under the Act of 1923, Laws 1923, p. 242. sec. 21. There is no difference in law between whiskey and white corn whiskey, and Section 1 of the Act of 1923, declaring that "all of the provisions of this act shall be liberally construed for the accomplishment" of its purpose to protect "the economic welfare, peace, health, safety and

State v. Wright.

morals" of the inhabitants of the State, manifests a legislative intention to make it a felony to manufacture any kind of whiskey.

2. ———: Information: Act of 1923: Felony. If the information charges the defendant with the felonious and unlawful manufacture of hootch, moonshine, corn whiskey, rye whiskey, white mule, or any other kind of whiskey, the charge should be classified as a felony under Section 21 of the Act of 1923, Laws 1923, p. 242, and proof of the unlawful manufacture of whiskey, without a designation of the brand or kind of whiskey, will warrant a conviction of a felony.

Intoxicating Liquors, 33 C. J., Section 17, p. 496, n. 78; Section 18, p. 498, n. 13; p. 499, n. 28 New; Section 195, p. 578, n. 91; Section 451, p. 729, n. 42; Section 468, p. 740, n. 33 New; Section 502, p. 758, n. 80.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*Von Mayes* for appellant.

(1) Where the information charges the defendant with manufacturing "corn whiskey" and the proof is confined to manufacturing "whiskey," the State has not made out a case. State v. Gatlin, 267 S. W. 797. (2) The evidence must show that the offense was committed in the county where the prosecution is had. The venue, however, may be established by circumstantial evidence alone. State v. Palmer, 220 S. W. 680; State v. King, 111 Mo. 576; State v. Apperger, 80 Mo. 173.

*North T. Gentry,* Attorney-General, and *James A. Potter,* Special Assistant Attorney-General, for respondent.

(1) Sufficient evidence was presented by the State to make a case for the jury. State v. Bennett, 270 S. W. 295; State v. Thogmartin, 270 S. W. 313; State v. Lipps, 267 S. W. 942; State v. Huckabe, 269 S. W. 691; State v.

Ware, 274 S. W. 853. (2)    The court submitted this case to the jury under proper instructions.  State v. Perry, 267 S. W. 828; State v. Thogmartin, 270 S. W. 313; Laws 1923, p. 237, sec. 2.

RAILEY, C.—On February 28, 1924, the Prosecuting Attorney of Pemiscot County, Missouri, filed in the circuit court of said county an information jointly charging the defendant, Tom Wright, Jess Wright and Louis Wright, with the violation of the intoxicating liquor laws of Missouri, on or about the — day of December, 1923, in the county and state aforesaid.

In the first count they were charged with the felonious manufacture of one gallon of white corn whiskey. In the second count said defendants were charged with the felonious sale of one-half pint of white corn whiskey on above date, in the county and state aforesaid.  The jury returned a verdict for appellant herein on the second count of the information, which eliminates said count from further consideration herein.  The third and fourth counts of said information, were dismissed by the State before the commencement of the trial, which leaves only the first count for our consideration.

On November 28, 1924, on application of defendants, a severance was granted, and the State elected to try Tom Wright first.  On the last-named date, appellant was arraigned, and refused to plead to said information, thereupon the court entered a plea of not guilty for him. The case was tried before a jury on the above date, and the following verdicts returned:

"We, the jury, find the defendant Tom Wright guilty as charged in the first count in the information and assess his punishment at two years in the Penitentiary.

"SID HENRY, Foreman.

"We, the jury, find the defendant not guilty as charged in the second count in the information.

"SID HENRY, Foreman."

On December 1, 1924, appellant filed motions for a new trial and in arrest of judgment.  Both motions were

overruled and, on December 3, 1924, allocution was granted appellant, judgment rendered and sentence pronounced in conformity with the terms of said verdict. Thereafter appellant was granted an appeal to this court.

The facts as shown by the record are correctly stated by counsel for respondent as follows:

"The evidence for the State tends to show the following facts: That at the time mentioned in the information, the defendant, Tom Wright, lived in two rooms of a three-room house in the town of Deering, in Pemiscot County, Missouri; that one Fred Curtis and his wife, Lilly Curtis, occupied the other room in such three-room house.

"The witness E. P. Curtis testified that he bought whiskey from the defendant several times during the year 1923, and that defendant also sold whiskey during said year to other people. He also testified that he had seen some mash barrels and about a gallon or two of mash in the house of the defendant, Tom Wright, and that he had seen part of a worm.

"State's witness Lilly Curtis testified that a few days before Christmas in 1923, she saw the defendant, Tom Wright, and his brother making whiskey on a cook stove in the rooms occupied by the defendant in the same house where the witness at that time lived. The witness stated that at that time the defendant was making whiskey to fill two large jugs.

"State's witness Braschler testified that on December 29, 1923, he was a school teacher at Deering and also a deputy sheriff; that on the night of that day, he was requested to go with someone to a place, afterwards identified as the home of defendant, to quell some trouble; that while he was at the home of the defendant, he saw some empty barrels under the drip at the north side of the house with some fermented material in two of them.

"Defendant's evidence consisted of a denial of all the evidence introduced by the State which tended to show his guilt under any charge contained in the information. In other words, he denied absolutely that he had ever

manufactured or sold any corn whiskey in Pemiscot County, Missouri.

"Prior to the trial, the record shows, the defendant filed a motion for a continuance, but neither the motion nor the action of the court thereon is preserved in the bill of exceptions, and the action of the trial court thereon, if any, is not before this court.

"The transcript of the record also tends to show that the defendant at some time filed an application for a change of venue, but neither the application nor the ruling of the court thereon is preserved in the bill of exceptions, hence the action of the trial court on such application it not here for review.

"The only preliminary motion contained in the bill of exceptions is one to quash the information, because of the improper joinder of counts charging felonies with counts charging misdemeanors. But in view of the fact that the prosecuting attorney dismissed the misdemeanor counts, no error can be predicated from the failure of the court to sustain such motion."

I. The information is in proper form. [Laws 1923, p. 242, sec. 21; State v. Forshee, 308 Mo. 651; State v. Bunch, 270 S. W. 282; State v, Richardson, 267 S. W. 841; State v. Brown, 262 S. W. 710.]

*Information.*

II. Defendant in his brief contends that the venue was not proven in this case. Upon examination of the record, we find sufficient evidence to sustain the verdict in respect to this matter. Aside from the foregoing, the motion for a new trial does not assign as error the alleged failure of the State to prove the venue. The above contention is accordingly overruled.

*Venue.*

III. The brief filed by appellant does not complain of any of the instructions given in the case, nor does the motion for a new trial point out any alleged errors in respect to same. If the State was entitled to go to the jury on the facts, the instructions properly declared the law. [State v. Knight, 312 Mo. 411; State v. Taylor, 267 Mo. l. c. 48.]

*Instructions.*

IV. The first count of the information charges that on the — day of December, 1923, the defendant, Tom Wright, in Pemiscot County, Missouri, unlawfully and feloniously did manufacture one gallon of white corn whiskey, etc. The State proved, without objection by substantial evidence that defendant, on the date aforesaid, in Pemiscot County, Missouri, manufactured "whiskey," but the evidence did not describe it as "white corn whiskey."

Variance: Whiskey and White Corn Whiskey: Felony.

In appellant's brief, it is alleged, that: "There was no proof that the defendant manufactured white corn whiskey, but there was proof that he manufactured whiskey." It is insisted that the evidence offered by the State is insufficient to support the verdict, and that the demurrer to the evidence at the conclusion of the case should have been sustained. He likewise contends that he was convicted of a felony under Section 21, Laws 1923, pages 242-3, while the testimony offered by the State disclosed that he was only guilty of a misdemeanor for manufacturing intoxicating liquors in violation of Section 6588, Revised Statutes 1919, as amended by Laws 1921, page 414, and Section 22, Laws 1923, page 243. It is not claimed that defendant had any authority for manufacturing corn whiskey or any other kind of whiskey. On the contrary, he denied making any kind of whiskey, and went to the jury on that issue.

It will be observed in passing that whiskey is not in terms mentioned in Section 6588, Revised Statutes 1919, as amended by Laws 1921, page 414, and Section 22, Laws 1923, page 243. We are therefore confronted with the proposition, as to whether Section 21, Laws 1923, pages 242-3, was intended to cover every kind of unlawful manufacture of whiskey, whether it .be designated as "hootch," "moonshine," "corn whiskey," "rye whiskey," "white mule," or "whiskey," known by any other name.

We are of the opinion that if the information in this case had simply charged in the first count thereof that defendant on the date aforesaid unlawfully manufactured

whiskey in Pemiscot County, Missouri, it would have described a felony within the purview of Section 21, Laws 1923, pages 242-3, and that, the proof in this case would have been sufficient to sustain the verdict herein. It is well established that the courts will take judicial notice of the fact, without allegation or proof, that whiskey is intoxicating liquor, and that it is generally used as a beverage. [State v. Williamson, 21 Mo. l. c. 498; State v. Dengolensky, 82 Mo. l. c. 45; State v. Griffith, 311 Mo. 630; 3 Brill's Cyclopedia of Crim. Law, secs. 1376-1382; State v. Edwards, 210 Pac. (Ore.) 1079; State v. McClinton, 94 So. (La.) 141; State v. Critzer, 209 Pac. (Wash.) 1081; Bland v. State, 244 S. W. (Tex.) l. c. 1024; State v. Carmody, 50 Ore. 1; Briffitt v. State, 58 Wis. 39; Marks v. State, 159 Ala. l. c. 80; Black on Intoxicating Liquors, sec. 12, p. 14; 2 McClain on Crim. Law, secs. 1218-1220; Schlicht v. State, 56 Ind. l. c. 176; Eagan v. State, 53 Ind. 162; Edgar v. State, 37 Ark. l. c. 223; Frese v. State, 23 Fla. l. c. 273; Galloway v. State, 23 Tex. App. 398; Bishop on Statutory Crimes, sec. 1038.]

If we can take judicial notice of the fact that whiskey is intoxicating liquor, then why is it not sufficient in charging a felony under Section 21, Law 1923, pages 242-3, to allege that defendant unlawfully, on a given date, manufactured whiskey? If a defendant be charged with unlawfully manufacturing rye whiskey—which is equally as well known as corn whiskey—could he not be legally convicted of a felony under said Section 21, if the proof sustained the charge, although rye whiskey is not in terms mentioned in said section? It would be a reflection upon the law-making power of this State to hold that under Section 21, supra, a defendant might be convicted of a felony for unlawfully making corn whiskey, and yet could only be convicted under Section 6588, supra, of a misdemeanor, for unlawfully manufacturing rye whiskey. We should take judicial notice that the words "hootch," "moonshine," "white mule," etc., are generally used in connection with the unlawful manufacture of whiskey. Why then, should not Section 21 be construed to cover

the unlawful manufacture of any kind of whiskey? The very first section of Laws 1923, page 237, which construes the provisions of said act, provides that:

"This entire act is hereby declared, and shall be deemed and construed, to be an act of the General Assembly of the State of Missouri, for the protection of the economic welfare, peace, health, safety, and morals, of its inhabitants, and all of the provisions of this act shall be liberally construed for the accomplishment of said purposes, or any thereof."

In the face of foregoing, legislative construction of the Act of 1923, pages 236 and following, we think it was manifest that the General Assembly intended to make it a felony in Section 21 for the unlawful manufacture of any kind of whiskey. It therefore logically follows, from what we have previously said, that an information under Section 21, supra, which charges defendant with unlawfully manufacturing whiskey sufficiently charges a felony, and that proof of such charge is sufficient to sustain a conviction for felony. We accordingly hold, that the trial court committed no error in overruling appellant's demurrer to the evidence at the conclusion of the case. [State v. Cardwell, 312 Mo. 140.]

V. The first count of the information, under which appellant was convicted, charges that he unlawfully and feloniously manufactured one gallon of white corn whiskey, in Pemiscot County, Missouri, in December, 1923. As the proof simply showed that defendant manufactured whiskey, on above date in said county, it is contended by appellant that his demurrer to the evidence should have been sustained. He cites in support of this contention the ruling of this court in the recent case of State v. Gatlin, 267 S. W. 797.

In the Gatlin case the information charged that on the first day of December, 1923, the defendant, in Christian County, Missouri, did unlawfully and feloniously transport hootch, moonshine and corn whiskey. In concluding the above case, we said: "The statute on which

this prosecution is based declares the transportation of 'hootch,' 'moonshine,' 'corn whiskey,' to be a felony. In this case the evidence is that the jugs and jars transported contained whiskey; there is no evidence that they contained corn whiskey. Hence the court erred in overruling the demurrer to the evidence."

In the Gatlin case our ruling in State v. Brown, 304 Mo. 78, was cited and followed. In the Brown case, WHITE, J., in discussing "hootch," "moonshine," "corn whiskey," said: "These words, not being connected by a disjunctive or a conjunctive, must be taken as synonymous; 'hootch,' 'moonshine,' and 'corn whiskey' are different expressions describing the same kind of liquor."

In the case of State v. Pinto, 312 Mo. 99, in which all of the judges of this Division concurred, Judge WHITE, reviewed his ruling in the Brown case, supra, and, among other things, said: "In the case of State v. Brown, 304 Mo. 78, 262 S. W. 710, we attempted a definition of 'moonshine,' which has caused some misunderstanding and confusion, because the definition of 'moonshine' has been applied to 'corn whiskey.' On further consideration of the matter, in view of the several provisions above referred to, we are convinced that we were wrong in holding the term 'hootch,' 'moonshine' and 'corn whiskey,' to be *synonymous*. From the well-known use of those terms, it is probable that the word '*or*' should be understood between 'hootch' and 'corn whiskey,' as they appear in Section 20 of the Act of 1923. As a matter of common knowledge, moonshine is a name applied to other liquors than corn whiskey. It is a broader term and includes the corn whiskey denounced by the statute. The same may be said of 'hootch.' That is what we should have said in the Brown case, as our understanding of the legislative intention. All illegal corn whiskey is moonshine, but all moonshine is not corn whiskey."

In order to carry out the legislative intent in dealing with felonies under Section 21, supra, as outlined in the preceding paragraph hereof, we are of the opinion that if the information charges defendant with the unlawful man-

ufacture of 'hootch,' 'moonshine,' 'corn whiskey,' 'rye whiskey,' 'white mule,' or any other kind of whiskey, the charge would be classified as a felony, and that proof of the unlawful manufacture of whiskey would be sufficient to warrant a conviction under said Section 21 of the Act of 1923, Laws 1923, pages 242-3, without designating the brand of the whiskey.

Without extending this discussion further, we hold, that the demurrer to the evidence was properly overruled. The case having been fairly tried, the judgment below is accordingly affirmed. *Higbee, C.,* concurs.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. All of the judges concur.