THE STATE v. T. T. DILDINE, Appellant.—51 S. W. (2d) 1.

Division Two, June 10, 1932.

*Van Mayes, Sam J. Corbett* and *Sharon J. Pate* for appellant.

758

*Stratton Shartel,* Attorney-General, and *Silas E. Garner,* Special Assistant Attorney-General, for respondent.

WHITE, P. J.—The appeal is from a judgment upon defendant's conviction, March 23, 1931, of felonious assault.

The bill of exceptions filed in the case contains the motion for new trial and the instructions given by the court, but no evidence. There is a general statement that the State introduced evidence which proved that T. T. Dildine, August 16, 1930, in Pemiscot County committed a felonious assault upon Cale Bradford with a deadly weapon, a pistol loaded with gun powder and leaden balls by shooting said Bradford with intent to kill. The only errors assigned in the motion preserved for our consideration relate to the sufficiency of the information, an instruction and the verdict of the jury.

I. The information is as follows:

"Now comes Orvel E. Hooker, Prosecuting Attorney, within and for the county of Pemiscot, who in this behalf prosecutes for and in the name of the State of Missouri, and upon his official oath informs the court that on or about the 16th day of August, 1930, at and in the county of Pemiscot and State of Missouri aforesaid, one T. T. Dildine, then and there being, did then and there willfully, unlawfully and feloniously in and upon one Cale Bradford, then and there being, with a certain dangerous and deadly weapon, to-wit, a pistol, which he, the said T. T. Dildine, in his hands then and there had and held, did make an assault with the felonious intent then and there, him, the said Cale Bradford, to kill or to do him the said Cale Bradford some great per-

sonal injury or bodily harm; contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the State of Missouri.

"ORVEL E. HOOKER,

"Prosecuting Attorney,

"Pemiscot County, Mo."

■ Appellant asserts that the information is uncertain in violation of Section 22, Article II, of the Constitution in that it does not state the nature and cause of the accusation. The exact point is that the information does not with sufficient particularity describe how the offense was committed. It avers that the assault was made with a dangerous and deadly weapon, to-wit, a pistol, which might be used in shooting or it might be used as a bludgeon, thus leaving uncertain the manner of the assault. It is urged that the pistol for the purpose of shooting is not a deadly weapon unless it is loaded with powder and ball. In State v. Clayton, 100 Mo. 516, 13 S. W. 819, an indictment exactly like the present one, with the additional averment that the pistol was loaded with gun powder and leaden balls, was held good against this attack. When an information or indictment charges that an assault with intent to kill is made with a deadly weapon, a pistol, it means that the pistol was used in the usual method, in the performance of its normal function. ■ The defendant concede: that, in arguing that the pistol is not a deadly weapon unless it is loaded, therefore the allegation that it was a deadly weapon implies that it was loaded. The court said in the Clayton case that a general averment was sufficient and it was not necessary to aver particulars as to how the assault was committed. That ruling in State v. Baird, 271 Mo. 9, 195 S. W. 1010, was approved.

The appellant further argues that the pistol used as a bludgeon could not be called a deadly weapon unless the size and weight or length of the weapon is described. Therefore, in the absence of such averments the description of the weapon in the information would not make it a deadly weapon used as a bludgeon. Thus appellant refutes his own objection. The only way in which the weapon mentioned could be used as a deadly weapon would be by shooting.

For that reason also the information is not subject to the charge of duplicity as claimed by the relator.

■ Further there was no attack made upon the information before the trial and any indefiniteness in the description of the way the crime was committed could not be entertained after verdict. [State v. Brown, 304 Mo. l. c. 81, 262 S. W. 710; State v. Adams, 318 Mo. 721, 300 S. W. 738.]

■ II. It is held that the requirement of the Constitution that the accused may "demand the nature and cause of the accusation,"

means the accusation in the common-law form of indictments and informations. Those forms, in order to be invulnerable against assaults of ingenious attorneys, are often so involved, prolix and redundant that they are unintelligible to the lay mind and until explained by expert counsel do not apprise the accused of the nature and cause of the accusation. [State v. Anderson, 298 Mo. l. c. 391, 250 S. W. 68.] We try to get away from such forms the best we can, with little legislative aid. We have ruled that an information, in the language of the statute describing the offense, if the statute states all the elements of the crime, is sufficient. That means a general statement without particulars is usually sufficient. Here the information is substantially in the language of the statute, and is therefore sufficient.

█ III. Complaint is made of Instruction 1, which authorized the jury to find the defendant guilty if it should find the facts, almost in form as stated by the information, and in addition they were required to find that the defendant in making the assault upon Cale Bradford did shoot and wound him with a pistol. It is argued that the instruction thus authorizes a conviction upon variance, because that is not the particular offense charged. On the contrary, as held above, that is the particular offense charged.

█ IV. It is claimed also that the verdict is uncertain and does not specify the offense charged. The verdict found the defendant guilty "as he stands charged in the information" and assessed his punishment at a fine of $200. The information charged an assault with intent to kill, under Section 4014, Revised Statutes 1929, which provides punishment only by a penitentiary sentence. The verdict assesses the punishment provided in Section 4015. The information and the evidence would sustain a conviction under Section 4014. The defendant, being convicted of a lesser offense than that charged and shown by the evidence and assessed a lighter punishment than was warranted, is in no position to complain. [State v. Rudman, 327 Mo. l. c. 267, 37 S. W. (2d) 409.] Whatever error was committed was in defendant's favor.

The judgment is affirmed. All concur.