THE STATE v. EMMA HAMMER, Appellant.—61 S. W. (2d) 965.

Division Two, June 24, 1933.

*Charles R. Landrum* and *Robert Stemmons* for appellant.

*Roy McKittrick,* Attorney-General, and *William Orr Sawyers,* Assistant Attorney-General, for respondent.

LEEDY, J.—Defendant, Emma Hammer, was convicted at the January, 1932, Term of the Circuit Court of Lawrence County, upon an information charging her with having possession of "intoxicating liquor, to-wit: one pint of whiskey, more or less," and as a basis for additional punishment, provided by Section 4524, Revised Statutes 1929, as amended by Session Laws, Missouri, 1931, page 243 (Mo. St. Ann. p. 4686), her previous conviction of an offense under the prohibition laws was alleged in the information. The jury assessed her punishment at a fine of five hundred dollars, and from the judgment and sentence imposed in accordance with the verdict, she appealed to the Springfield Court of Appeals, where it was held that defendant's motion to quash the information, which challenged the constitutionality of Section 4524, Revised Statutes 1929, as amended, properly raised a constitutional question, and, being properly preserved by bill of exception, had the effect of divesting that court of

jurisdiction, and so the case was transferred here. [State v. Hammer, 56 S. W. (2d) 415.]

It is stated in the opinion of the Court of Appeals that defendant's motion to quash assigned as reasons that the act violates the due process clause of the Constitution of Missouri; violates Section 23, Article II, of the Constitution, prohibiting the accused from being placed twice in jeopardy. and differentiates between convictions for violations of the intoxicating liquor laws and other convictions under penal statutes of this State. Manifestly, such assignments operate to raise constitutional questions, and, if preserved, this appeal is properly lodged here.

From a most careful and painstaking examination of the transcript of the record, including the bill of exceptions, it appears the learned Court of Appeals was in error in holding the constitutional question properly preserved, and this because the motion to quash the information is nowhere set out, called for. or embodied in the *bill of exceptions*, nor is the ruling of the court on said motion disclosed thereby, or whether an exception was saved to such ruling as may have been made. The sole and only reference to the motion to quash contained in the *bill of exceptions* is in the motion for a new trial.

The constitutional objections to the information assigned in the motion to quash were carried into the motion for new trial, but, under the cases holding the unconstitutionality of a statute must be urged at the earliest possible moment consistent with good pleading and orderly procedure, such attack was not timely, and so it is not now before us for review. [State v. Brown, 304 Mo. 78, 262 S. W. 710.] Furthermore, the brief of appellant upon which the case was submitted, both in this court and the Court of Appeals, contains no assignment or assignments of error relating to any constitutional question.

As our jurisdiction in the instant case is dependent upon the presence of a constitutional question, and holding as we have that no such question is here presented, it follows that this case should be transferred to the Springfield Court of Appeals, and it is so ordered. All concur.