### HARE v STATE

Ohio Appeals, 3rd Dist, Hardin Co

No 284. Decided Feb 14, 1936

454

Foster E. King, Kenton, for plaintiff in error.

Arthur D. Tudor, Kenton, for defendant in error.

## OPINION

By CROW, J.

The precise question we have to decide on the first ground of error, is whether when there was the proof of the sale of whiskey, it was necessary to also prove that the whiskey contained more than 3.2 percentum of alcohol by weight and that it was fit for use for beverage purposes.

That the word "whiskey" means an intoxicating liquor is so notorious as to require judicial notice of the fact; that is to say proof of such fact is unnecessary. Bouvier's Law Dictionary, Rawle's Third Revision, 1739. Lewis' Sutherland Statutory Construction, Second Edition, §466. 280 SW 703, 705.

It is also common knowledge requiring judicial notice that whiskey always contains much more alcohol than 3.2 percentum by weight. 278 Federal Reporter, 415, 418, and that it is fit for use for beverage purposes, and when used the use is generally as a beverage. 280 SW 703, 705.

We are mindful that under the Ohio statutes next prior to the enactment of §6064-1 GC and following, 15 Ohio Laws, Part 2, Page 118, the word "whiskey" and numerous other words were defined as intoxicating liquor, while as we have said, there is no definition of whiskey, now in the statutes.

We regard that as of no consequence because such definition of whiskey was but a legislative expression of what was and is judicially known to be essential attributes of whiskey, namely, that it contains vastly more alcohol by weight than 3.2 percentum. is intoxicating, and is fit for use and used for beverage purposes.

The second ground of error is not sustained because it is readily apparent from the evidence we have set forth, that it was sufficient in law to justify the verdict.

GUERNSEY, J, concurs.
KLINGER, PJ, dissents on the point of the sufficiency of the evidence, for which reason alone he is of opinion that the judgment should be reversed.