**COMMERCIAL CREDIT CORPORATION**
**v. HEOTIS et al.**

No. 6211.

United States District Court
W. D. Missouri, W. D.

May 19, 1950.

Byron E. Mintoyne and Wilbur B. Ennis, Kansas City, Mo., for plaintiff.

Marcy K. Brown, Jr., and David H. Bresler, Kansas City, Mo., for defendant Heotis.

Irving Kuraner, Kansas City, Mo., for defendant Weaver.

REEVES, Chief Judge.

This motion has been examined together with the briefs of counsel. The action is one in replevin. The plaintiff seeks the possession of one 1947 Ford Truck, Motor No. 1643066, together with all attachments thereto and the equipment thereon. The moving defendant has not only filed a counterclaim against the plaintiff, but in like manner has filed a counterclaim against his codefendant, R. H. Weaver.

By this motion said defendant now seeks to bring in a third party.

Rule 13, Federal Rules of Civil Procedure, 28 U.S.C.A., is inadequate for the purpose sought by said defendant for the reason that it relates solely and alone to counterclaims either against the plaintiff or against a codefendant. By Rule 14 relating to third-party practice, in a proper case a third-party defendant might be brought in. However, under such circumstances such a third party must either be liable to the third-party plaintiff or to the plaintiff in the action.

This being a simple action of replevin wherein the gist of the action is the right of possession of personal property, there is no place for a third-party proceeding. This is so for the reason that at common law even a counterclaim could not be interposed in a replevin suit. Without statutory authority the rule has been relaxed, however, in Missouri. Boehme v. Roth, Mo.App., 280 S.W. 703; McCormick Harvesting Co. v. Hill, 104 Mo.App. 544, 79 S.W. 745; Ely v. Sutton, 177 Mo.App. 546, 162 S.W. 755.

In a mere replevin suit there would be no basis for third-party adjudications. Accordingly, the motion to bring in a third-party defendant will be denied.