STATE  v.  MAC SALES CO. et al.

No. 28816.

St. Louis Court of Appeals.

Missouri.

Jan. 19, 1954.

Rehearing Denied Feb. 12, 1954.

Morris A. Shenker, Mark M. Hennelly, Sidney M. Glazer, St. Louis, for appellants.

J. E. Taylor, Atty. Gen., Aubrey R. Hammett, Asst. Atty. Gen., Thomas E. Dowling, Circuit Atty., A. Lowell Morris, Asst. Circuit Atty., St. Louis, for respondent.

HOUSER, Commissioner.

These are appeals by three claimants of personal property from an order of the Circuit Court of the City of St. Louis for the destruction of a considerable quantity of articles condemned as obscene, lewd and indecent. The consolidated appeals, taken in the first instance to the Supreme Court, were ordered transferred to this court for decision. Appeal of Mac Sales Co., Mo.Sup., 256 S.W.2d 783.

(All citations of sections in this opinion relate to RSMo 1949, V.A.M.S., unless otherwise indicated).

Upon the application of a lieutenant of the police department of the City of St. Louis three search warrants were issued by a judge of the circuit court of said city under the provisions of §§ 542.380 and 542.390 relating to the seizure of obscene articles and pictures. Each of the three warrants was directed to the applicant, Jake Joseph, Lieutenant of the Metropolitan Police Department of the City of St. Louis, commanding him to enter the building in each instance and make diligent search for and seize obscene, lewd, indecent and scandalous pictures, etc. In obedience to the command of the warrant Lieutenant Joseph, together with several other officers of the police department, seized a large number of articles in three separate raids. Among the articles seized were a large number of decks of playing cards on which appear pictures of nude or partially nude women. A hearing was held before the circuit judge pursuant to notice given to the respective property owners as provided by § 542.400. The claimants appeared by counsel and upon the basis of the evidence adduced the court found that the property seized was the kind described in § 542.380 and ordered it destroyed. These appeals followed. Appellants state that they are only interested in the return of the playing cards.

In their briefs appellants raise the following points:

(1) Lack of jurisdiction in the circuit court over the subject matter of this proceeding for the reason that no complaint was filed, as required by § 542.380.

(2) Invalidity of the search warrant and of the application therefor for the reason that neither application nor warrant adequately describes the property "as nearly as may be," as required by § 542.390, and that they do not allege any *facts* showing that the property was sold, published, exhibited, given away or otherwise distributed or circulated.

(3) Invalidity of the search warrant for the reason that it was issued without probable cause, and executed by an officer of

the police department rather than by the sheriff or constable, as required by § 542.-380.

(4) Lack of evidence that the playing cards in question were obscene, lascivious or indecent.

(5) Lack of evidence that the playing cards were kept for the purpose of sale, distribution or circulation.

Concerning (1), supra, § 542.380 authorizes a search warrant to issue upon the making of a complaint on oath in writing. The instant proceedings in each case were instituted by the filing of a paper designated an "Application for Search Warrant" in which the police lieutenant upon his oath "stated and showed" that in the building particularly described "there are now kept for the purpose of being sold, published, exhibited, and circulated the following articles, to-wit: Obscene, lewd, licentious, indecent and lascivious * * * drawings * * * pictures, and other articles and publications of an indecent, immoral and scandalous character * * *," praying for the issuance of a search warrant directed to the affiant authorizing him to enter said building, search the same and seize the described property, in order to deal with and dispose of the same according to law. This application was subscribed and sworn to before the circuit judge and filed in Division No. 1 of the Circuit Court of the City of St. Louis.

Appellants argue that a court cannot of its own motion set itself in action; that in order for the circuit court to acquire jurisdiction over the subject matter of forfeiture proceedings under § 542.-380 it is necessary, following the seizure of property under a search warrant that a complaint or pleading in the nature of a petition or libel of information be filed; that the complaint should specify the acts which justify the forfeiture of the property, and contain a prayer for forfeiture; that the complaint should be signed by the circuit or prosecuting attorney or other attorney, and that the complaint should be served with the notice of hearing required

by § 542.400. They say that a determination under §§ 542.400 and 542.410 is only for the purpose of protecting the property from a replevin action and is preliminary in character. With this position we cannot agree. Sections 542.380–542.420 provide a separate, independent and self-sufficient procedure authorizing the seizure, forfeiture and destruction of the specified property and articles. It is not preliminary in character. No complaint other than that provided for in § 542.380 need be filed. The requirement of that section that a complaint be made, on oath, in writing, that any of the prohibited property or articles are being kept in the county, etc. satisfies the legal requirement that a pleading must be filed before a court has jurisdiction to enter a judgment. The statute does not provide, and the law does not require, that the complaint be made by a prosecuting official or attorney. It is sufficient that the complaint, or "application" as it was designated in the instant case, be made by an officer of the metropolitan police force. Sections 542.380–542.420 satisfy the fundamental requirements of pleading, notice, hearing and judgment, and no supplemental procedure is necessary to confer jurisdiction. The point is ruled against appellants.

Points (2) and (3), supra, have not been preserved for appellate review. Any objection to the complaint on the ground of indefiniteness or generality cannot be entertained after judgment where no attack was made by way of motion prior to the hearing. Although alleged generally, the essential elements of a forfeiture case were set forth in the complaint and that was sufficient. If appellants were not satisfied with the general allegations of the complaint they should have attacked the complaint before judgment, and having failed to do so waived the point. This is the rule both in connection with the waiver of defects in criminal informations, State v. Rizor, 353 Mo. 368, 182 S.W.2d 525; State v. Dildine, 330 Mo. 756, 51 S.W.2d 1; and in civil petitions, Nevins v. Solomon and Finn, 235 Mo.App. 967, 139 S.W.2d 1109, and the rule is equally appli-

cable here. No motion to quash the search warrant or to suppress the evidence obtained thereunder was made prior to the hearing, and no objection was made to the introduction of the playing cards, pin-up albums, etc. when they were offered in evidence, or at any time during the trial. There was no motion to strike. The first time appellants made any claim with respect to the insufficiency of the application, the invalidity of the search warrant or the impropriety of its issuance and service was at the time they filed their respective motions for new trial. The objection came too late and the points were waived. See State v. O'Brien, Mo.Sup., 252 S.W.2d 357, loc. cit. 359; State v. Wagner, 311 Mo. 391, 279 S.W. 23, loc. cit. 29; State v. Fletcher, Mo.App., 257 S.W. 158, loc. cit. 159; Rosenberg v. United States, 8 Cir., 15 F.2d 179, loc. cit. 180–181.

With reference to (4), supra, one test of obscenity is whether the article in question tends to deprave and corrupt the morals by inciting lascivious thoughts or arousing the lustful desire of those whose minds are open to such influences and into whose hands such a publication may fall. 33 Am.Jur., Lewdness, Indecency and Obscenity, § 4, p. 17; 67 C.J.S., Obscenity, § 7c, p. 30 et seq. We have defined obscenity as "such indecency as is calculated to promote the violation of the law and the general corruption of morals * * * and include what is foul and indecent, as well as immodest, or calculated to excite impure desires." State v. Pfenninger, 76 Mo.App. 313.

The property seized in the three separate raids consisted of a total of 103 full cases of decks of playing cards (a gross in each case), 193 individual decks of playing cards, 83 sets of pin-up albums, 15 photographs, 48 cartons of razor blades wrapped in paper, 11 dozen telescopes and 2 boxes of key chains, all of which exhibited and depicted various poses of women in various stages of nudity. On the backs of the playing cards there appears a caricature of a wolf garbed in a dress suit and top hat, with a knowing leer on his face. On the faces of the playing cards are pictures of women, each of which, in a single deck, is different from all of the others, and each of which exhibits a nude or partly clad female form in an attitude and posture calculated to excite and arouse impure and lustful thoughts and desires as well as to generally corrupt the morals. The same characterization applies to the photographs and pictures of women appearing on the other articles described. Each of them is obscene, lewd and indecent, and none of them constitutes objects of arts, as claimed by appellants. This point is ruled against appellants.

Finally, with respect to (5), supra, we rule that there was sufficient evidence that the playing cards and other objects seized were kept for the purpose of sale, distribution or circulation, in each case.

The property seized at 501 Pine Street was found at 1:30 o'clock in the afternoon in a jewelry store where various pieces of jewelry and notions of different types are sold. The store is 15 to 18 feet wide, approximately 20 feet long and is located on the first floor in downtown St. Louis. Two individuals were found in charge of the store and the store was open for business at the time the officers arrived. The articles seized were found in an alcove or back room which was a part of the store. At that place 66 full cases, 10 dozen and 10 individual packs of playing cards and 83 sets of pin-up albums were found. The cards and pictures were packed in a container and were sealed.

The property seized at 122 North 7th Street in Rooms 1005 and 1007 of the Fullerton Building in downtown St. Louis consisted of 18 decks of playing cards and 15 photographs as above described. The rooms, each approximately 18 feet square, were connecting rooms equipped with office furnishings. The rooms were in charge of a stenographer. The articles were found in a small open box lying on the floor close to the north wall of one of the rooms. The photographs were found in a desk drawer in the other room. There was

no name on the office doors and no advertisements as to the type of business being carried on there although the officer readily gained admission by knocking on the door whereupon the stenographer opened the door. The stenographer stated in answer to questioning that the concern was known as Novelty Manufacturing & Sales Company; that they receive orders from different business houses at these offices for these playing cards which she in turn gives to the Mac Sales Company located at 501 Pine Street, and that the cards are distributed from the latter address.

The property seized at 5 North Broadway consisted of 37 cases and 48 individual decks of playing cards, together with the several cartons of razor blades, telescopes and key chains above described. The cards were found in the rear of the store concealed, while the razor blades were displayed in small cartons in the front part of the store as were the key chains and telescopes. The store was open to the public and was operated by an individual who was present at the time. On the side of each of the packages of playing cards was printed the following: "Novelties Mfg. & Sales Corp., St. Louis, Mo."

From the character of the establishments in each instance in which these articles were found, the quantities of the articles on hand, and the fact that the establishments were open to the public and engaged in merchandising, together with the other facts detailed, there was ample evidence that these objects were kept for the purpose of being sold, exhibited or otherwise distributed or circulated.

Finding no error in the proceedings in the circuit court upon the points properly preserved for appellate review, the Commissioner recommends that the order of the circuit court for the destruction of the property be affirmed.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.

The order of the circuit court is, accordingly, affirmed.

ANDERSON, P. J., BENNICK, J., and HOLMAN, Special Judge, concur.