**MAZZEO, d. b. a. FISH BOWL CAFE, etc., Plaintiff-Appellant, v. BOARD OF LIQUOR CONTROL, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 5288.   Decided October 6, 1955.

Feighan & Feighan, John T. Feighan, Jr., of Counsel, Cleveland, for plaintiff-appellant.

Hon. C. William O'Neill, Atty. Genl., Kiehner Johnson, Asst. Atty. Genl., Columbus, for defendant-appellee.

(FESS, J, of the Sixth District, sitting by designation in the Second District.)

## OPINION

By MILLER, PJ.

This is a law appeal from a judgment of the Common Pleas Court affirming an order of the Board of Liquor Control suspending the appellant's Class C-2, D-1 and D-2 liquor permits.   The appellant was

charged with the sale of beer and wine on the permit premises in violation of §4301.22 R. C., and of the Regulations of the Board of Liquor Control.

The sale is not denied: hence, credence must be given to the testimony of the two investigators for the Department, both of whom testified that they purchased and consumed beer on the premises on Sunday, March 21, 1954, and one of whom also purchased a bottle of wine. The bottle was offered in evidence as the Defendant's Exhibit C, which bore a label identified as Department's Exhibit A, containing the following information:

"ROMA. Alcohol 20% by vol. California Sherry. Bottled at our winery in California. Made and bottled by Roma Wine Company, Fresno, California."

At the hearing before the Board a report containing a chemical analysis of the liquors involved was offered and admitted in evidence as "Department's Exhibit D" upon the ground that it was made by the Department's chief chemist who was an alleged officer of the state. This was submitted under the authority of §2317.42 R. C. The Common Pleas Court sustained the appellant's objection to this exhibit for the reason that it had not been properly identified and the person submitting the report was not a state officer. No appeal has been prosecuted from this ruling; hence, the order must stand. The trial court held, however, that there was still sufficient evidence before the Board to sustain its finding.

The question now presented is whether an alcoholic analysis of the liquids offered in evidence is required in order to sustain the finding of the Board. We find from the evidence that the bottle of alleged wine was properly admitted in evidence at the hearing. It was also properly identified as "wine" by the inspectors whose testimony as to the contents of the bottle was not controverted by any evidence offered by the appellant. It was sold as "wine" and this fact is not denied by the bartender who made the sale. Had there been a denial of the contents by competent testimony a different situation would exist. The label on the bottle is clearly a representation by the seller of its contents and until it is repudiated it must be considered as competent evidence of the contents. Wine has a precise legal definition under §4301.01 R. C., to wit:

"(B) As used in §§4301.01 to 4301.74, inclusive, R. C.:

\* \* \* \* \*

"(4) 'Wine' includes all intoxicating liquor containing not less than seven per cent of alcohol by weight and not more than twenty-one per cent of alcohol by volume, which is made by the fermentation of the juices of sound, ripe, and undried grapes and fruits and includes pure wine, fruit wine, and compound wine as defined in §§4311.04, 4311.07 and 4311.18 R. C., and not exceeding the alcoholic content provided in this division for wine."

Under the same section, paragraph (A) (1) intoxicating liquor is defined to include:

"all liquids and compounds containing more than three and two-

tenths per cent of alcohol by weight which are fit to use for beverage purposes. * * *."

It therefore clearly appears that wine is an intoxicating beverage, the sale of which is controlled by §4301.22 **(D) R. C.**

"**Sec. 4301.22 R. C.** Sales of beer and intoxicating liquor under all classes of permits and from state liquor stores are subject to the following restrictions, in addition to those imposed by the rules, regulations, or orders of the department of liquor control:

*     *     *     *     *

"(D) No sales of intoxicating liquor shall be made after two-thirty a. m. on Sunday or on election day between the hours of six a. m. and seven-thirty p. m. * * *"

In the case of **Hare v. State, 21 Abs 453,** the court found that whiskey was an intoxicating beverage, without requiring an analysis of its alcoholic content, in a criminal case where the defendant was charged with selling intoxicating liquor without a permit. The court stated at page 455:

"That the word 'whiskey' means an intoxicating liquor is so notorious as to require judicial notice of the fact; that is to say proof of such fact is unnecessary. Bouvier's Law Dictionary, Rawle's Third Revision, 1739. Lewis' Sutherland Statutory Construction, Second Edition, Sec. 466. 280 S. W. 703, 705.

It is also common knowledge requiring judicial notice that whiskey always contains much more alcohol than 3.2 per centum by weight. 278 Federal Reporter, 415, 418, and that it is fit for use for beverage purposes, and when used the use is generally as a beverage. 280 S. W. 703, 705."

The case of **Wereb v. The State of Ohio, 22 Oh Ap 512,** was also a criminal case in which the defendant was charged with the unlawful possession of intoxicating liquor. Here the contents of the bottle were identified as being whiskey but there was no chemical analysis of the same. The court held in the syllabus, paragraph 2:

"Evidence that liquid in bottle was whiskey, based on its odor, **held** sufficient to warrant conviction for unlawful possession of whiskey."

In 20 Am. Jur. 116, Section 103, the author states that the court will take judicial notice of the intoxicating character of well known beverages which have a fixed reputation for being intoxicating. The rule is summed up on page 117 in the following words:

"Thus, to sustain a conviction for selling intoxicating liquor, the state must, if the beverage is not well known, introduce evidence as to its intoxicating effect."

It is our conclusion that in this state wine has such a reputation by way of common knowledge of being an intoxicating beverage that the Court will take judicial notice of the same in addition to the legal definition defining it to be such a beverage.

We find no error in the record and the judgment will be affirmed.

HORNBECK and FESS, JJ, concur.