**STATE of Missouri, Respondent,**

v.

**Charles TEVIS, III, Appellant.**

No. 23122.

Kansas City Court of Appeals.

Missouri.

Oct. 3, 1960.

Crouch & Fitzgerald, Warrensburg, for appellant.

Martin Richardson, Warrensburg, for respondent.

HUNTER, Presiding Judge.

This is an appeal by Charles Tevis, III, from his conviction in the Circuit Court of Johnson County, Missouri, of the misdemeanor crime of careless and reckless driving under Section 304.010, V.A.M.S. (Amended Laws 1957, p. 631, § 1).

On April 30, 1959, the prosecuting attorney of Johnson County filed his information in the Magistrate Court alleging that the defendant had committed the crime of careless and reckless driving. Defendant waived the reading of the information, entered a plea of not guilty and announced ready for trial. The trial to the Magistrate on May 26, 1959, resulted in a finding of guilty with the punishment fixed at a fine of $25 and incarceration for ten months in the county jail.

Defendant appealed to the circuit court and the case was set for trial on July 15,

1959. On that date defendant appeared and filed his motion to dismiss on the grounds: "(1) Said information does not state sufficient grounds to charge a crime * * *, (2) That said information is not executed in proper form and is a nullity * * *." In presenting this motion to the trial court defendant's counsel said, "I call the court's attention to the fact that the information is not sworn to here or signed by the prosecuting attorney and it is our contention that the information is invalid for that reason. The Court: This file shows it is signed. (Defendant's attorney) It is not signed here."

The original information is not before us but the transcript recites it. According to the transcript the information stated that "M. Richardson, the duly elected, qualified and acting prosecuting attorney * * * upon his oath of office, and upon his hereunto appended oath, informs the court", etc. The information at its conclusion was signed "M. Richardson, Prosecuting Attorney." After his signature there appeared an unsigned affidavit obviously prepared for his signature to be subscribed to and sworn before the magistrate.

We gather that defendant's objection is that the prosecuting attorney after signing his name to the information in which he stated that it was upon his oath of office failed thereafter to execute the attached affidavit to the effect that the matters stated in the information are true to the best of his information and belief. Defendant relies upon Section 545.240 RSMo 1949, V.A.M.S.

Pursuant to the authority granted by Section 5, Article V, of the Constitution of Missouri, V.A.M.S., the Supreme Court in 1952 adopted Rules of Criminal Procedure to govern the procedure in all criminal proceedings in all courts of this state having criminal jurisdiction. These rules govern and determine such procedural questions as the form of and necessity for verification of information in misdemeanor cases. Statutory Section 545.240 no longer

governs this subject, and we need not pursue what it required. See State v. Brown, 304 Mo. 78, 262 S.W. 710(5); 19 Mo.L.Rev. 70, Missouri Rules of Criminal Procedure: Their Effect on Statutes.

Supreme Court Rule 24.16, V.A.M.R., provides:

"24.16 —Information—Filing—Signature—Verification

"Informations may be filed by the prosecuting attorney with the court having jurisdiction of the offense charged, or the clerk thereof at any time. *An information shall be signed by the prosecuting attorney and it shall be sufficient if he aver that the same is filed upon his official oath.* An information may be verified by the oath of the prosecuting attorney or by the oath of any other person competent to testify as a witness in the case, or it may be supported by the affidavit of such person which shall be filed with the information. The verification by the prosecuting attorney may be upon information and belief." (Italics ours.)

The information before us avers that it is filed upon his (prosecuting attorney) official oath, and he has signed it. Under the rule this is sufficient. The fact the rule provides for other permissible methods of verification or support of the information does not affect the sufficiency of the one selected and used by the prosecutor. We find no merit in defendant's first contention. Cf. State v. Brown, supra.

Defendant's second contention is that the information was defective in the allegations of how the defendant operated his motor vehicle in a careless and reckless manner. The information stated that on April 28, 1959, between the hours of 9:30 p. m. and midnight on the city streets of Holden, Missouri, defendant unlawfully drove his truck "in a careless, reckless and imprudent manner, in that he did not have motor vehicle under proper control, and did and then and there endanger the property and

lives and limbs of persons in Johnson County, in that: Between the hours of 9:30 p. m. and midnight on the City Streets of Holden, Missouri, the said Charles Tevis did operate a pickup truck at a high rate of speed, weaving back and forth across the road, running through city stop signs, * * in violation of Section 304.010 VAMS."

Supreme Court Rule 24.01 provides: "The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." Supreme Court Rule 24.03 provides: "When an indictment or information alleges the essential facts constituting the offense charged but fails to inform the defendant of the particulars of the offense sufficiently to prepare his defense, the court may direct or permit the filing of a bill of particulars."

 The test of the sufficiency of an information is whether it is (1) in writing, and (2) understandably states the essential facts constituting the offense charged. Necessarily it must contain all the elements of the offense set out in the statute and be a bar to a subsequent prosecution for the same offense. See State v. Sargent, 241 Mo.App. 1085, 256 S.W.2d 265. Describing the offense in the language of the statute, or in words of similar import, is sufficient where the statute states all the ingredients of the offense with legal certainty, but not otherwise. Using the general language of the statute is sufficient only in those instances where the essential facts which constitute the offense are set forth in the statute itself, which declares or creates the offense. State v. Reynolds, Mo.App., 274 S.W.2d 514; State v. Terry, 109 Mo. 601, 19 S.W. 206.

In the instant case the information used some of the language of the statute but such language in and of itself did not reasonably apprise the accused of the particular offense with which he was charged. See State v. Cook, Mo.App., 322 S.W.2d 596; State v. McCloud, Mo.App., 313 S.W.2d 177. However, after generally charging defendant with operating his truck in a careless and reckless manner, the information went on to particularize by saying in that he so did by (1) operating it "at a high rate of speed", (2) "weaving back and forth across the road," and (3) "running through city stop signs".

 We are of the view that while the information is no model for future use it does contain a sufficient statement of the offense charged as required by Supreme Court Rule 24.01 to withstand a motion to dismiss. Cf., State v. Ball, Mo.App., 171 S.W.2d 787(12); Annotation, Reckless Driving—What Constitutes, 52 A.L.R.2d 1337; Annotation, 115 A.L.R. 357. The information alleged the essential facts constituting the offense charged and if defendant felt it failed to inform him of the particulars of the offense sufficiently to prepare his defense he could have availed himself of the benefit of the provision of Supreme Court Rule 24.03 providing for a bill of particulars.

Appellant suggests the allegation in the information about weaving is an attempt to show a violation of Section 304.015, V.A. M.S., concerning when it is necessary to drive on the right half of the roadway, and that the information is defective for failing to negate the exceptions contained in that section.

 The offense of reckless driving is to be distinguished from other offenses, created by statutes regulating the operation of automobiles on highways and making violations of their provisions criminal offenses. Where an act in connection with the operation of an automobile, is by statute, made a separate offense for which a punishment is provided, the general rule is that such act, alone, cannot be punished as reckless driving, although in connection with other circumstances or acts it might constitute reckless driving or an element of that offense. Thus, violations of the rules governing traffic on the highways may, under the conditions existing at the time, constitute reckless driving or an ele-

ment of that offense. See Annotations, Reckless Driving—What Constitutes, 52 A. L.R.2d 1337, 1365, 86 A.L.R. 1274.

The information, reasonably construed, is designed to charge the offense of reckless driving under Section 304.010 to which it specifically refers, and is not designed to charge the separate offense of failing to drive on the right side of the highway in violation of Section 304.015. The allegation of "weaving back and forth across the road" is to be considered along with the allegations of "at a high rate of speed, * * running through city stop signs * * * endangering property and lives * * * in violation of Section 304.010 V.A.M.S." The weaving back and forth is but one of the elements of the broader charge of reckless driving. It is a circumstance to be considered with the other circumstances alleged. It is unnecessary for us to consider whether weaving back and forth alone could constitute the offense, for that question is not presented by the allegation of error made by appellant.

■■■ Nor is there merit in appellant's contention the information is a nullity for failure to negate "exceptions" contained in Section 304.015. The general rule as to the contents of an information which charges an offense, to which there are exceptions negativing guilt, is that all such exceptions must be pleaded in the information when they occur as parts of the statutory definition of the offense, in all cases where, if such exception be omitted, the offense cannot be accurately described. See State v. Cheney, Mo.App., 305 S.W.2d 892, 893; State v. DeGroat, 259 Mo. 364, 168 S.W. 702, 705; State v. Brown, 306 Mo. 532, 267 S.W. 864, 865; State v. Zammar, Mo., 305 S.W.2d 441, 444; 22 C.J.S. Criminal Law §§ 310 and 375. In charging reckless driving under Section 304.010 one element of which is weaving back and forth across the road, it is not necessary to negate all of the "exceptions" under Section 304.-015 to the requirement of driving upon the right half of the roadway for these "excep-

tions" are not parts of the statutory definition of the offense of reckless driving and that offense can be accurately described without stating them.

■ Appellant contends that the allegation of running city stop signs cannot aid in making the information sufficient. This allegation is one of the elements or circumstances of the offense as charged in the information. The entire incident of operating at a high rate of speed, weaving back and forth across the road and running through city stop signs is the state offense of reckless driving charged. One element or circumstance of that offense can be running through city stop signs. The fact that the city may have an ordinance making it a municipal violation to "run" a city stop sign does not prevent the state from having the act of running city stop signs charged as an element or circumstance of careless driving. Cf., Annotations, Reckless Driving—What Constitutes, supra, loc. cit. 1365, 86 A.L.R. loc. cit. 1277.

Witness Sturgis testified that when he arrived at the place where defendant had stopped his truck after his acts of alleged reckless driving "I started to talk to him and he threatened to kill me"—that defendant's physical condition was that he was intoxicated. The court refused to strike this testimony on the objection of defendant that it was irrelevant.

■ We are not convinced that the evidence was irrelevant. Evidence is relevant if the fact it tends to establish tends to prove or disprove a fact in issue, or to corroborate evidence which is relevant and which bears on the principal issue. Before evidence can be excluded on the ground that it is irrelevant, it is essential that it appear so beyond doubt. If the question of relevancy is doubtful, the settled rule is that the evidence should go to the jury for their own evaluation of it. See Luechtefeld v. Marglous, Mo.App., 151 S.W.2d 710, 714; 20 Am.Jur., Evidence, Section 250, page 244; 22 C.J.S. Criminal Law § 600, p. 918 ff. There are many cases to the effect that

driving while intoxicated may be evidence of reckless driving, especially when viewed as just one of the circumstances in connection with the other circumstances shown. As stated in 52 A.L.R.2d loc. cit. 1364, where the supporting cases are collected, evidence that the defendant had been drinking is generally recognized as being admissible in a prosecution for reckless driving. This is a circumstance for the consideration of the jury as to whether he was driving in a reckless manner, and it is for the jury to determine its probative value on that issue under all the surrounding circumstances. See 5A Am.Jur., Automobiles and Highway Traffic, Section 1181, page 985; Restatement of Torts, Section 500, Comment (g).

■ What we have said about evidence of intoxication applies also to the threat to kill the apprehending officer. It was a part of the facts and circumstances attending the apprehension and arrest of the defendant. As stated in 22 C.J.S. Criminal Law § 628, p. 964, "Evidence of a threat to resist arrest is admissible, whether a part of the res gestae or not." Evidence of such a threat has probative value on the issue of guilt of the charged offense. It is one of the circumstances of the occasion which the jury may consider. See 22 C.J.S. Criminal Law § 623, pp. 954–955; State v. Daly, 210 Mo. 664, 109 S.W. 53(1); State v. Hands, Mo., 260 S.W.2d 14, 20(10); Walker v. State, 74 Tex.Cr.R. 645, 169 S.W. 1156.

Originally the information had contained the additional allegation "and refusing to obey the lawful ordinances of the City of Holden with regard to traffic laws." Prior to the trial defendant filed a motion to strike this allegation, and the motion was sustained. In his opening statement the prosecuting attorney was permitted over objection to mention violation of a fifteen mile per hour hospital speed zone. During the trial witness Sturgis was allowed, over the objection that the ordinance itself was the best evidence and not oral testimony as to its contents, to testify that the speed limit for the streets of the City of Holden was twenty-five miles per hour as established by ordinance and that defendant was driving around fifty or sixty miles per hour down the city street. Witness Hyatt was asked, "Q. Do you know what the speed limit is by the Holden Hospital on Market Street?" The objection that this was not the best evidence was overruled and Hyatt was permitted to answer. He stated that "the sign is fifteen miles per hour."

■ Without going into the question of the propriety of showing under this particular information violations of the city ordinances establishing speed limits it was in any event error to establish, over proper objection, such speed limits by parol testimony of a witness instead of by the ordinances which are the best evidence. The only reasonable effect of this erroneously admitted testimony would be to prejudice the jury against the defendant. For this reason a new trial is necessitated.

■ Defendant contends that all the evidence in the case was not sufficient to sustain the submission of the case to the jury. In reviewing such a contention the evidence must be viewed in a light most favorable to the prosecution. City of St. Louis v. Judd, Mo.App., 193 S.W.2d 917. As so viewed we believe that although the question is a close one a submissible case was made. Even so, there is an appalling lack of obviously available relevant facts and details concerning the occurrence. These omissions will probably not occur on retrial. Such things as whether a one way or two way street is involved, the width, character and condition of the streets involved, the amount of traffic thereon, the presence and position of other vehicles and pedestrians, if any, the path the automobile pursued with relation to such things as the center of the street or the curbs, the speed involved, the likelihood of being able to stop or avoid a collision, the location of stop signs and speed zone signs, and other

relevant facts bearing on the question of reckless driving should be more thoroughly presented.

Defendant also complains of error in Instruction No. 1. In view of the enlightenment in the briefs on those complaints it is unlikely that the matter will arise again on retrial. It is not necessary to discuss them in this opinion.

For the reasons stated, the judgment is reversed and the cause remanded for a new trial.

All concur.