STATE of Missouri, Plaintiff-Respondent,

v.

George TODD, Defendant-Appellant.

No. 34246.

Missouri Court of Appeals,
St. Louis District.

Feb. 22, 1972.

Ridgley v. Ridgley, Mo.App., 370 S.W.2d 679, 683–684.

---

Jack Gallego, Fred Rush, Troy, for defendant-appellant.

Thomas B. Burkemper, Pros. Atty., Troy, for plaintiff-respondent.

SIMEONE, Judge.

Appeal from a judgment of the Circuit Court of Lincoln County imposing a fine upon the defendant, George Todd, in the sum of $150.00 and costs for operating an automobile in a careless and imprudent manner in violation of § 304.010, RSMo. 1969, V.A.M.S.[1]

The prosecutor of Lincoln County, on July 27, 1970, filed an information charging the defendant with operating his automobile in a "careless and imprudent manner by making more than one (1) circle" at the intersection of Main and Washington Streets in Hawk Point, Missouri.

Defendant waived his right to trial by jury and on May 5, 1971 trial was held. Immediately before trial the defendant moved to dismiss the information on the ground that the information failed to state an offense under the laws and also moved

for a more definite statement. Both motions were denied.

At trial two witnesses were offered by the State. One witness testified that, while forty steps away, he saw the defendant while driving his 1966 Chevrolet, "Spin his car in the middle of the street into the intersection" "at least two and a half times"; that "there was a lot of racket and smoke," that "there were rocks thrown by the automobile" and that there was no other traffic in the intersection or on the street at that time. He further testified that the street had gravel and stone.

The other witness for the State testified that, while looking out of his bedroom window above the street, he saw defendant "spinning the wheels in a circle; his tires were burning and squealing"; that the automobile turned around in a circle two to three times and that his tires were "spinning, smoking, squealing; there were rocks flying." The time was 12:25 or 12:35 a. m.

At the close of the State's case, defendant moved for a "directed verdict of acquittal."[2] The motion was denied. The defendant stood on his motion and did not offer any evidence. The court found the defendant guilty of "operating a motor vehicle in a careless and imprudent manner as charged in the Information," and imposed a fine of $150.00. The defendant perfected his appeal.

In its brief, the State moved this court to dismiss the appeal for the reason that appellant has failed to comply with Rule 83.05(e), V.A.M.R.[3] The purpose of this Rule is to facilitate the work of the court and the litigants so that the issues

---

1. All statutory references are to RSMo. 1969, V.A.M.S. § 304.010(1) provides: "Every person operating a motor vehicle on the highways of this state shall drive the vehicle in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or the life or limb of any person and shall exercise the highest degree of care."

2. Motions for directed verdicts are abolished and motions for judgment of acquittal are substituted therefor. Crim. Rule 26.10, V.A.M.R.

3. Now Rule 84.04(d) per order of the Supreme Court dated June 1, 1971, effective January 1, 1972. Rule 84.04 governs appeals in criminal cases. Crim. Rule 28.18.

raised on appeal may be clearly presented and so the appellate court may be given a concise summary of what the appellant claims the trial court did wrong and why he claims it is wrong. Murphy v. Deksnis, Missouri Court of Appeals, St. Louis District, 476 S.W.2d 150; Ambrose v. M.F.A. Co-Operative Ass'n of St. Elizabeth, Mo., 266 S.W.2d 647. The cases relied upon by the State are distinguishable. In this appeal we believe that the defendant's brief, while not a model, sufficiently satisfies the purposes of the Rule. It is reasonably clear what actions of the court are sought to be reviewed and why they are claimed to be erroneous. The State's first point urging the dismissal of the appeal is overruled.

■ The defendant complains that the information is "not sufficient." Supreme Court Rule 24.01, V.A.M.R., provides in part, that "the indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged . . ." The test of the sufficiency of the information is whether it is (1) in writing, and (2) understandably states the essential facts constituting the offense charged. State v. Tevis, Mo.App., 340 S.W.2d 415, 419. The same strictness of pleading is not required in informations charging misdemeanors as in those charging felonies. State v. Mc-Nail, Mo.App., 389 S.W.2d 214.

■ It is not sufficient in cases involving careless and imprudent driving merely to state a conclusion that the defendant operated his motor vehicle in a careless and imprudent manner. City of Raytown v. Roach, Mo.App., 360 S.W.2d 741; State v. Reynolds, Mo.App., 274 S.W.2d 514. When, however, the information indicates the facts and the manner in which the defendant operated his automobile carelessly and imprudently, the information is sufficient to inform the defendant of the "nature and cause of the accusation." State v. Richards, Mo.App., 429 S.W.2d 351; State v. McNail, *supra.*

■ The information here charged defendant with operating a motor vehicle "in a careless and imprudent manner by making more than one (1) circle in a public street with said automobile at an excessive rate of speed, the said street being the intersection of Main and Washington in Hawk Point, Missouri. . . ."

We hold that in this case this information is sufficient to inform defendant of the nature of the accusation and is sufficient to withstand a motion to dismiss.

The other issue presented is whether the evidence is sufficient to sustain the charge. In ruling on this question we are governed by the rule that the facts in evidence and all favorable inferences reasonably to be drawn therefrom are to be considered in the light most favorable to the State and all inferences and evidence to the contrary are to be disregarded. State v. Holmes, Mo.Sup., 434 S.W.2d 555; 9A Mo.Dig., Criminal Law, ■

■ The offense of careless and imprudent driving is a separate and distinct offense and is to be distinguished from other offenses created by statutes regulating the operation of automobiles on highways. Section 304.010(1) creates a blanket-type offense and is necessary to cover the multitude of situations which may arise from the operation of a motor vehicle which cannot be detailed in specific statutes. The general rule, to be responsible for careless and imprudent driving, is that an act which is made a separate offense, or which may not be a separate offense in itself, cannot be punished as careless and imprudent driving unless the act, in connection with other circumstances constitutes careless driving. State v. Tevis, *supra.* To constitute the offense there must be conduct which shows under all the circumstances and under the conditions existing at the time, that the property of another or the life or limb of any person is endangered. When such circumstances and conditions are shown, the defendant has been found guilty of careless driving.

State v. Tevis, *supra*; State v. Richards, *supra*; State v. Cipolla Mo.App., 437 S. W.2d 162.

 In this case, there was no direct evidence that at that time of the morning, any person was in danger; there was evidence that there was no traffic at or near the scene of the defendant's acts; there was no direct evidence of the speed[4] of the vehicle and there was no showing that the conduct of the defendant endangered the life, limb or property of others.[5] The testimony was clear that at or near the intersection there were no other persons or vehicles in the vicinity who or which were in danger.

Under the circumstances, the conduct of the defendant, however disturbing it may be, does not warrant a judgment of careless and imprudent driving.

The judgment is reversed.

BRADY, C. J., and DOWD, SMITH and WEIER, JJ., concur.

---

4. Speed alone in some circumstances is careless. State v. Cipolla, Mo.App., 437 S.W.2d 162-120 miles per hour.

5. The one witness was some forty steps away and there was no indication that he was in any danger; the other witness was looking out of his window above a store.