**CITY OF KANSAS CITY, Missouri, Respondent,**

v.

**Roberta V. SCANLAND, Appellant.**

**No. KCD 26552.**

Missouri Court of Appeals, Kansas City District.

Feb. 4, 1974.

John J. Phillips, Phillips, Rice & McElligott, Independence, for appellant.

Aaron A. Wilson, City Counselor, Louis W. Benecke, William T. Bernard, Asst. City Counselors, Kansas City, for respondent.

Before PRITCHARD, P. J., and SOMERVILLE and SWOFFORD, JJ.

PER CURIAM.

Appellant Roberta V. Scanland was charged by the City of Kansas City with careless driving by driving on the wrong side of the roadway and striking another vehicle in violation of Sections 34.112(a) and (b), of the revised ordinances of Kansas City, as amended. She was found guilty by the trial court, sitting without a jury, and sentenced to three days which might be satisfied by attending driver's improvement school. She appeals.

There was only one witness called at the trial. Darrel Hunter. He testified that on October 16, 1972, at about 7:55 a. m., near 60th and North Jefferson, in Kansas City, Clay County, Missouri, he was involved in a vehicular collision with Roberta Scanland. His vehicle and the one driven by appellant were travelling the same street. The street on which the collision occurred follows a general east-west direction. However, near the location of the collision, the street, coming from the east, curves to the north and, coming from the west, curves to the south. The appellant was coming from the west and was generally eastbound. Darrel Hunter was westbound. He testified that the collision occurred in the westbound lane, his right wheel being up on the curb when appellant's left front fender hit his left front fender. He had gotten onto the curb when he swerved trying to get away. He testified that she told the police officer the sun was in her eyes.

Appellant attacks her conviction alleging: (1) there was no showing that the offense was committed in Kansas City, Missouri; (2) the ordinance claimed to be violated was never received in evidence; and (3) the evidence was insufficient as a matter of law to make a case of careless and imprudent driving. Respondent claims that these points were not preserved for review because not presented to the trial court in a motion for new trial. However, we interpret all of appellant's points as basically attacking the sufficiency of the evidence to sustain her conviction and will review them because ". . . if the evi-

dence is not sufficient to sustain the conviction, plain error affecting a substantial right is involved from which manifest injustice must have resulted. S.Ct. Rule 27.-20(c), V.A.M.R." State v. McClunie, 438 S.W.2d 267, 268 (Mo.1969). See also: State v. White, 439 S.W.2d 752 (Mo.1969).

■ When examining the sufficiency of the evidence, this court must construe the evidence most strongly in favor of the result reached below, and the facts and inferences therefrom are to be considered in the light most favorable to the city, and all inferences and evidence to the contrary are to be disregarded. Kansas City v. Douglas, 483 S.W.2d 760 (Mo.App.1972); State v. Todd, 477 S.W.2d 725 (Mo.App.1972). Further, we will not disturb the lower court's judgment unless it is clearly erroneous. City of Kansas City v. Narron, 493 S.W.2d 394 (Mo.App.1973); Kansas City v. Crawford, 456 S.W.2d 587 (Mo.App. 1970).

We now consider whether there was sufficient evidence of the offense occurring in Kansas City. The testimony pertinent to this question is as follows:

"Q. (By the City Prosecutor) I will call your attention to the 16th day of October, 1972, in the City of Kansas City, Clay County, Missouri, 60th and North Jefferson, about 7:55 hours. I will ask you if you can recall at this time whether it was a. m. or p. m. time?

A. (By Mr. Hunter) A.M.

Q. I will ask you if at that time and location you were involved in a vehicular collision with Roberta Scanland?

A. Yes.

*    *    *    *    *    *

Q. (T. 5) * * * What street were you travelling on, sir, and what direction at this time?

A. I was travelling west and I don't know exactly what the name of the street was, really.

Q. What street was the defendant travelling on?

A. She was—actually, I don't know—it was just one street, it curves around. I really don't know."

■ Appellant contends that this testimony was so contradictory that it destroyed itself and consequently furnished no proof of where the offense occurred. The rule on destructive testimony is that the inconsistencies or contradictions must be so diametrically opposed to one another as to preclude reliance thereon and rob the testimony of *all* probative force. Atley v. Williams, 472 S.W.2d 867 (Mo.App.1971); Vaeth v. Gegg, 486 S.W.2d 625 (Mo.1972).

■ The foregoing testimony is not so self-contradictory as to rob it of all probative value. At one point, the witness confirms that he was involved in a vehicular collision with the defendant around 7:55 a. m., October 16, 1972, in Kansas City, Clay County, Missouri, at 60th and North Jefferson. Later, he says that he does not know on what street he was travelling at the time. This latter statement does not diametrically oppose nor destroy the probative value of his previous positive and unequivocal answer that he was involved in a collision with defendant in Kansas City, Missouri. It merely shows some uncertainty as to the name of the street upon which he was travelling. The trial court's finding that the offense occurred in Kansas City was not clearly erroneous.

Appellant next contends that the ordinance claimed to be involved was never received in evidence. Examination of the transcript reveals that at the conclusion of the City's case, the city prosecutor stated (T. 10):

"At this time, the city would offer into evidence, Section 34.112A and 112B, of the revised ordinance of the City of Kansas City, Missouri. The City rests its case, subject to rebuttal."

■ There followed a dialogue between the city prosecutor, defense counsel and the court, in which the defense counsel stated that he was not insisting on a certified copy of the ordinance, but that he thought the facts in evidence did not constitute careless driving under the ordinance. At this point, the court read part of the ordinance into the record. Defense counsel made no objection to the offer, but, obviously accepting the terms of the ordinance, argued that the facts did not constitute careless driving within those terms. While the ordinance was not made a part of the transcript, the respondent's brief does set forth the ordinance in full.

On the authority of City of Kansas City v. Narron, supra, we hold that the ordinance was introduced and received in evidence, and that the ordinance is before us. In *Narron,* the facts on this issue were very similar. At the close of the city's case, the city prosecutor made a statement much like the one recited above. Thereafter, the defendant proceeded to present his defense, making no objection to the offer. The ordinance was never read aloud. This court held that the ordinance had been introduced and received in evidence. This court further held that although the ordinance was not included in the transcript, it was before us since it was fully set forth in the briefs.

■ In so holding, we again assert that we do not depart from the rule recognized in *Narron* and authorities cited therein, that the ordinance must be introduced and received in evidence at the trial level and included in the transcript on appeal or filed separately as an exhibit. The prosecuting authorities should adhere to this rule in the trial of cases involving ordinance violations. However, in *Narron,* supra, 493 S.W.2d at page 401, "we limit our ruling to the proposition that the *record before us* does not justify the harsh remedy of dismissal as violative either of the rule or the substantial rights of the parties." (Emphasis added).

Appellant's final point is that the evidence was insufficient as a matter of law to make a case of careless driving. Taking the evidence in the light most favorable to the city, we see that defendant, in making the turn above described, crossed over the center of the street into the path of oncoming westbound vehicles. She collided with a vehicle driven by Darrel Hunter, their left front fenders coming in contact after Hunter had swerved onto the right hand curb in an attempt to avoid the collision. Appellant alleges that the evidence shows only a violation of failing to drive on the right half of the roadway and that this is not enough to sustain a conviction of careless and imprudent driving unless there are present other elements which go to the gravamen of the charge.

■ Cases considering like contentions hold that " . . . an act which is made a separate offense . . . cannot be punished as careless and imprudent driving unless the act, in connection with other circumstances constitutes careless driving." State v. Todd, 477 S.W.2d 725, 728 (Mo. App.1972). See also, State v. Tevis, 340 S.W.2d 415 (Mo.App.1960). What additional circumstances must be present in order to constitute careless driving is a matter to be decided as a question of fact in each particular case by the trier of the fact. Kansas City v. Douglas, 483 S.W.2d 760 (Mo.App.1972). As a minimum, it must be shown that the conduct of the defendant under all the circumstances endangered or was likely to endanger the person or property of another. State v. Todd, supra.

■ In the Douglas case, supra, the court, assuming for the sake of argument that this requirement of *Todd* was applicable to proceedings under the Kansas City careless driving ordinance, found that defendant endangered life and limb by driving on the wrong side of the road, even though there was no accident. Particularly, under the facts of the instant case, there can be no question but that the de-

fendant endangered life and limb. The collision far over in the westbound lane conclusively shows such to be the case.

Belatedly, the appellant has raised the further point on this appeal that there was no final appealable judgment below because no motion for a new trial was filed by her in this court-tried case. She relies in support of this novel contention on the cases of State v. Nichols, 474 S.W. 2d 54 (Mo.App.1971); State v. Myers, 467 S.W.2d 577 (Mo.App.1971); and State v. Summers, 477 S.W.2d 721 (Mo.App.1972). We have carefully reviewed these authorities and find them not in point. In each of these cases the defendant did file a motion for a new trial in jury-waived cases which were not ruled by the trial court prior to appeal. They thus present entirely different situations than the case at bar wherein the appellant did not file nor ask leave to file any after trial motion but perfected her appeal directly from the judgment imposed. She was not required to do so before she could perfect her appeal and assert any claimed errors in the court below. We rule that this point is without merit.

The judgment is affirmed.