**552** ▪ ▬

CITY OF KANSAS CITY, Missouri,
Respondent,

v.

Stephan N. REAGAN, Appellant.

No. KCD 28985.

Missouri Court of Appeals,
Kansas City District.

June 27, 1977.

M. Sperry Hickman, Independence, for appellant.

Aaron A. Wilson, City Atty., Louis W. Benecke, City Prosecutor, Dennis E. Lee, Asst. City Pros., Kansas City, for respondent.

Before SWOFFORD, P. J., PRITCHARD, C. J., and DIXON, J.

SWOFFORD, Presiding Judge.

Appellant was convicted of careless driving, Section 34.115 of the Ordinances of Kansas City, in the Municipal Court. Upon a de novo trial in the Circuit Court, he was again found guilty by the court, sitting without a jury, and was fined $50.00 and costs. It is from that conviction that he appeals.

▪ Upon an appeal from a conviction for the violation of a municipal ordinance the evidence must be construed most strongly in favor of the result reached in the trial court and the facts and inferences to be reasonably drawn therefrom are to be considered in the light most favorable to the City and all evidence and inferences to the contrary are to be disregarded. *Kansas City v. Waller,* 518 S.W.2d 202, 206–207[6] (Mo.App.1974); *City of Kansas City v. Scanland,* 506 S.W.2d 18, 20[2] (Mo.App. 1974), and cases cited therein.

Applying this formula for review to the facts as they appear from the record on appeal, the trial court, sitting as the trier of the facts, could reasonably have found the following:

On the afternoon of February 28, 1976, Joan Williams was driving her automobile in a northerly direction upon Jackson Street toward its intersection with 23rd Street in Kansas City, Missouri. Jackson is a north-south street, carrying one lane of traffic in each direction, and intersects 23rd Street, an east-west street, at right angles. Twenty-third Street accommodates two lanes of

traffic in each direction. The traffic at this intersection is controlled by automatic traffic lights.

As Miss Williams approached the intersection from the south, she heard a siren and shortly thereafter saw a fire truck proceeding south on Jackson north of the intersection. She brought her car to a stop on her side of Jackson, south of the intersection, and was waiting there for the fire equipment to clear. At that time, the traffic signal was green for north-south traffic on Jackson. She also observed a vehicle to her left, eastbound on 23rd Street, which entered the intersection and made a right turn and came into collision with her vehicle, stopped on the east half of Jackson south of the intersection.

Miss Williams gave no further details of the accident. The City then introduced the ordinance involved under which the defendant was charged and rested its case. After an unsuccessful motion to dismiss, the defendant testified in his own behalf.

Mr. Reagan stated that he was driving a Kansas City Star Newspaper delivery truck eastbound on 23rd Street, in the inside or median lane for eastbound traffic, at a speed under the speed limit of 35 miles per hour. As he approached the intersection, his view to the north of the intersection was obstructed by a wall surrounding a cemetery on the northwest corner and by tombstones within the cemetery property on somewhat higher ground. These obstructions were five to six feet in height. He heard no siren and saw no traffic approaching the intersection from the north. He observed the Williams car on Jackson northbound. As he reached the intersection, the light turned green for him and as he entered the intersection he observed the fire equipment for the first time. The front of the fire equipment was then about ten feet north of the intersection line. He "slammed" on his brakes in emergency application; the brakes locked; the truck swerved to the right; the load of newspapers shifted, causing the truck to turn over on its side; and, it slid (on its side) into the Williams car. The fire equipment did not collide with either the Reagan or the Williams vehicles. The defendant offered no further evidence, the trial court made its finding of guilty, imposed the fine, and this appeal followed.

The defendant raises two points on appeal, which are somewhat repetitious and overlapping, but which basically raise the same contention. He asserts that the City's proof and all the evidence failed to establish the charge of careless driving; that the proof established only the violation of driving on the wrong side of the road, a violation not charged, and that there was no evidence that the defendant lost control of his vehicle through "his fault or driving". All of these charges of error are without merit.

The ordinance under which the defendant was tried, Section 34.115 of the Traffic Code, provides:

"Careless driving.

Any person who drives any vehicle within this city carelessly and heedlessly, in disregard of the rights or safety of others; or without due caution and circumspection; or at a speed and *in a manner so as to endanger or be likely to endanger any person or property,* shall be guilty of careless driving." (Emphasis added)

The information charged the defendant with a violation of this ordinance "by virtue of losing control of the vehicle and striking a stopped vehicle."

The offense proscribed by this ordinance is, as defendant asserts, a separate and distinct offense under the Traffic Code. However, the long-established rule dispositive of defendant's position is stated in *State v. Todd,* 477 S.W.2d 725, 728[9–11] (Mo.App. 1972), a case involving a charge of careless and imprudent driving under the statutes, where the court said, l. c. 728:

" * * * The general rule, to be responsible for careless and imprudent driving, is that an act which is made a separate offense, or which may not be a separate offense in itself, cannot be punished as careless and imprudent driving *unless* the act, in connection with other circumstances constitutes careless driving. * * * " (Emphasis supplied)

The case of *City of Kansas City v. Scanland,* 506 S.W.2d 18, 21[9] (Mo.App.1974), followed and applied the rule above stated in *Todd* as applicable to the careless driving ordinance of Kansas City. In *Scanland,* the defendant's vehicle went onto the wrong side of the road and into collision with another vehicle. See also: *Kansas City v. Douglas,* 483 S.W.2d 760 (Mo.App.1972); and *State v. Tevis,* 340 S.W.2d 415 (Mo.App. 1960).

Each of these opinions, and the cases cited therein, adhere to the principle that the basic factor to support a charge of careless driving is that the defendant's conduct (whether or not such conduct might support another charge) under all the facts and circumstances and the conditions existing at the time was such as to endanger the property or persons of others. *State v. Todd,* supra, at l. c. 728[11]; *City of Kansas City v. Scanland,* supra, at l. c. 21[9].

Further, in *City of Kansas City v. Scanland,* supra, at l. c. 21[9], this court said:

" * * * What additional circumstances must be present in order to constitute careless driving is a matter to be decided as a *question of fact* in each particular case by the trier of the fact. * * *" (Emphasis added)

In the case at bar, the evidence and the reasonable inferences to be drawn therefrom amply justified the conclusion that defendant's conduct of inattention, speed and panic upon discovery of fire equipment on a collision course, and loss of control of the paper truck under the conditions and circumstances at the intersection of 23rd and Jackson endangered the property and person of Joan Williams. The trial court's judgment was not against the weight of the evidence, was supported by substantial evidence, did not erroneously declare or apply the law, and will not be disturbed. *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976).

The judgment is affirmed.

All concur.