**STATE of Missouri, Respondent,**

v.

**J. Allen SIMMERING, Appellant.**

No. 44550.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 10, 1982.

Motion for Rehearing and/or Transfer Denied Oct. 15, 1982.

Application to Transfer Denied Nov. 15, 1982.

Shaw Howlett & Schwartz, Ronald J. Kaden, Clayton, for appellant.

George Westfall, Pros. Atty., Clayton, for respondent.

CLEMENS, Senior Judge.

Defendant J. Allen Simmering has appealed from dual convictions for driving while intoxicated (Count I) and careless and imprudent driving (Count II). The trial court sentenced defendant to 15 days in jail on Count I and a $250 fine on Count II.

Here defendant does not challenge the evidentiary sufficiency. Instead he contends only that the trial court erred in both verdict directors. These in turn.

First, defendant claims the verdict director on intoxicated driving erred by failing to tell the jury it could impose a fine. He relies on statutory section 560.016.1(2) declaring a permissible fine of not over $500. The trial court gave verdict directing instruction MAI–CR 2d 31.02 authorizing imprisonment but not a fine.

■ Defendant's initial point was put to rest and refuted by *State v. VanHorn,* 625 S.W.2d 874[1–4] (Mo.1982) holding that a fine could be imposed by the trial court, not the jury. First point denied.

■ Last, defendant dually faults the trial court's verdict director on careless and imprudent driving. First he claims error because the instruction improperly defined the offense by submitting that defendant failed "to signal a lane change and turn". These quoted words were prefaced by a required finding that defendant "drove the motor vehicle in a manner not careful and prudent" by failing to drive in the two ways specified. So considered in its entirety the instruction did not, as defendant now contends, improperly define the charged offense.

■ Defendant further challenges the instruction for failure to define the term "highest degree of care". This contention is unsupported by any citation of any criminal case requiring definition of that term.

To the contrary we note a comparable contention refuted in *State v. Goodman,* 490 S.W.2d 86 [1, 2] (Mo.Sup.1973); the court ruled "It has long been the rule that words of common usage which are generally understood, when used in a charge to the jury, need not be defined in the absence of a request, (citations), and not always when requested. We consider the words 'great bodily harm' to be in the same category as 'reasonable doubt' and in *State v. Talmage,* 107 Mo. 543, 17 S.W. 990, this court commented that 'Reasonable doubt is reasonable doubt, and that is about all that can be said in regard to it.' No reasonably intelligent jury could be misled by the use of the term 'great bodily harm'." See also *State v. Northcutt,* 598 S.W.2d 130[2] (Mo.App. 1980) where we held "the words employed were of common usage and general understanding, accordingly no definitional instruction was required." We hold the trial court did not err in failing on its own motion to give the definition unrequested at trial.

Affirmed.

REINHARD, P.J., and SNYDER and CRIST, JJ., concur.